# IN SUPERIOR COURT OF THE STATE OF DELAWARE

Jacqueline K. Napolitano, et al, :

                            : C.A. No. S20M-08-010 CAK

           Petitioner,        :

                                 :

     v.                           :

                                 :

Town of Fenwick Island,       :

                                 :

          Respondent.      :

Submitted: February 25, 2021
Decided: March 9, 2021

## MEMORANDUM OPINION AND ORDER

*Respondent's Motion to Dismiss*

## *DENIED*

Nicholas G. Kondraschow, Esquire, William Rhondunda, Esquire, Rhondunda, Williams & Kondraschow, 1521 Concord Pike, Suite 205, Wilmington, Delaware 19803, Attorneys for Petitioners.

Scott Wilcox, Esquire, Moore & Rutt, P.A., 1007 North Orange Street, Suite 446, Wilmington, Delaware 19801, Attorney for Respondent.

Petitioners' Complaint requests I issue a Writ of Mandamus compelling the Town of Fenwick Island address and prohibit what Petitioners alleged are zoning violations. The violations according to Petitioners occur in the recently constructed Sands Hotel, and specifically in connection with a roof top bar and entertainment area. Mandamus is rarely granted, and is not appropriate to compel municipal authorities to rule in any certain way on issues of code compliance.[1]

Respondent has filed a motion to dismiss the Complaint contending it is nothing more than an attempt to impermissibly have me substitute my judgment for that of the building officials. I held argument on the motion on February 25, 2021 and reserved judgment.

Since the parties have raised issues outside the Complaint I treat the motion as one for summary judgment.[2] The standard for summary judgment is settled. Evaluating the facts in the light most favorable to the non-moving party, if I determine no material facts are at issue, the moving party is entitled to judgment as a matter of law and the motion must be granted.[3]

---

[1]*White v. City of Wilmington,* Dept. of Licenses and Inspection, 1995 WL 264572 (Del. Super. Apr. 20, 1995).

[2]Super. Ct. Civ. R. 12(c).

[3]See *Appriva Shareholder Litigation Co., LLC v. EV3, Inc., 937* A. 2d 1275 (Del. 2007).

The difficulty I have is that there are significant disputes of fact. At argument, counsel for Petitioners told me that the Town was unaware of this rooftop bar until it was brought to its attention by a letter from the Delaware Alcoholic Beverage Control Commission ("DABCC"). The hotel owners were seeking approval for the sale of alcoholic beverages from the DABCC. The DABCC requires a letter from local authorities indicating the applicants comply with local zoning regulations. The response from the Town was less than clear, but seems to have expressed the opinion the applicants did meet Town regulations, but added it was taking no position on the application.

On the other hand, the Town's counsel told me the Town was aware of the proposed roof top use as early as 2019, and approved it as in compliance with its zoning code. If this information is correct, parties aggrieved by the decision (presumably some or all Petitioners) could have appealed the decision to the Town Board of Adjustment.[4]

The motion and response address the facts as the respective party sees them. If the Town's version of the facts is accepted, it is undoubtedly entitled to have its motion granted. Petitioners' version presents a more complicated case, and the Town has not addressed this version in its analysis. As a result, and

---

[4]See 22 *Del. C.* §324.

3

applying the standard for a motion for summary judgment, I am denying the motion. If and when the facts are further developed[5] I will revisit the issue. Respondent is free to renew the motion as it determines.

**IT IS SO ORDERED.**

/s/_____
Craig A. Karsnitz

---

[5]*McGuire v. McCollum,* 116 A. 2d 897 (Del. 1955).